

# SEALED BY ORDER OF THE COURT

United States District Court

for the

DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
**May 17, 2021**
MICHELLE RYNNE, CLERK

### REQUEST FOR COURSE OF ACTION
*(Statement of Alleged Violations of Supervised Release)*

Subject:   MICHELET LOUIS                  Case No.: CR 19-00111JAO-01

Name of Sentencing Judicial Officer:   The Honorable Jill A. Otake
U.S. District Judge

Original Offense:   Criminal Offense Committed by Person Accompanying the Armed Forces Outside the United States- Communicating a Threat, a Class D felony

Date of Original Sentence:   02/09/2021

Original Sentence:   33 months imprisonment, to be followed by 3 years supervised release.

Current Term of Supervision Commenced:   05/17/2021

### NONCOMPLIANCE SUMMARY

The subject has not complied with the following condition(s) of supervision:

1. On 05/17/2021, Mr. Louis failed to follow the instructions of the probation officer issued on 05/17/2021, in violation of Standard Condition No. 13.

### PETITIONING THE COURT

To issue a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and the Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

### STATEMENT OF FACTS

As background information, and as the Court is aware, Mr. Louis has a significant mental health history that includes prior diagnosis of Adjustment Disorder, Post-traumatic Stress Disorder, Major Depressive Disorder, Schizophrenia, Delusional Disorder, etc. Further, the Presentence Report reflects a lengthy history of threatening and concerning behavior.

On 2/26/2021, U.S. Probation Officer (USPO) Tarama Fuatagavi reviewed the Judgment and Conditions (J&C) with Mr. Louis, during a prerelease interview at the Federal Detention Center Honolulu (FDC). Mr. Louis refused to sign the J&C and indicated that his sentence and/or the J&C were unlawful. Further, he indicated that he was appealing his sentence. Mr. Louis denied having a release plan. USPO Fuatagavi attempted to engage Mr. Louis in further conversation without success. However, Mr. Louis indicated that he did not know of any family with whom he could reside in Hawaii and did not have any friends.

On 3/1/2021, this officer spoke with Mr. Louis' ex-wife to obtain further information that could assist in preparing for his release. Mr. Louis' ex-wife provided contact information for Mr. Louis' half-brother. This officer later spoke with Mr. Louis' half-brother who indicated that he would speak with Mr. Louis' mother and sister to see if there were any family members that would allow Mr. Louis to reside with them. Between 3/2/2021 and 3/11/2021, This officer spoke with Mr. Louis' half-brother who indicated that their uncles wanted Mr. Louis to live with them in Fort Lauderdale, Florida, so that they could provide support to Mr. Louis.

On 4/15/2021, an FDC case manager arranged for USPO Fuatagavi to speak with Mr. Louis by telephone. During the call, USPO Fuatagavi asked Mr. Louis about his willingness to reside with his uncles in Florida. Mr. Louis indicated that he did not have any relatives and did not want to live in Florida. Mr. Louis was questioned about where he wanted to live but did not respond except to state that with respect to his upcoming release he was "good." He repeated this statement but would not elaborate, and did not share his release plans. USPO Fuatagavi also spoke with the case manager privately who indicated that he attempted to arrange a phone call between Mr. Louis and the Veterans Re-Entry & Justice Outreach coordinator. However, the coordinator was unavailable. Further, Mr. Louis informed the case manager that he did not want assistance from the Department of Veterans Affairs (VA).

On 4/21/2021, USPO Fuatagavi spoke with Mr. Louis' mother who spoke about their family and the strained relationships Mr. Louis had with her and his siblings. However, she again asked if Mr. Louis could live with his uncles in Florida, as she believed they could serve as a mentor to Mr. Louis. She related that Mr. Louis previously had a positive relationship with one of the uncles.

On 4/28/2021, an FDC case manager arranged for USPO Fuatagavi to speak with Mr. Louis by telephone.  USPO Fuatagavi's intent was to discuss with Mr. Louis about residing with his uncles in Florida, or in the alternative, to identify a valid release plan. During the call, USPO Fuatagavi asked Mr. Louis if he would be willing to participate in a 3-way call with USPO Fuatagavi and Mr. Louis' uncle. Mr. Louis reiterated that he did not have family in Hawaii or Florida. He asked USPO Fuatagavi to stop inquiring about his release plan, and abruptly terminated the phone call.

USPO Fuatagavi spoke with the case manager about getting Mr. Louis back on the phone but the case manager indicated that Mr. Louis refused to get back on the phone. Consequently, USPO Fuatagavi provided the case manager with a list of questions to obtain information regarding Mr. Louis' release plans. On 4/30/2021, the case manager advised that she attempted to obtain Mr. Louis' responses to the questions but he refused to answer the questions and requested that the case manager

tell USPO Fuatagavi to stop speaking with Mr. Louis.

On 5/7/2021, USPO Fuatagavi provided the case manager with written instructions to provide to Mr. Louis about contacting USPO Fuatagavi prior to his release, which included USPO Fuatagavi's contact information. On 5/10/2021, the case manager indicated that she read the instructions to Mr. Louis, provided him with a copy, and that he acknowledged understanding the instructions.

Over the past few months, USPO Fuatagavi sent various correspondence to community resources to develop a release plan for Mr. Louis, given his failure to participate in the release planning process. USPO Fuatagavi's efforts included securing housing for Mr. Louis at the Faith House (FH) transitional residence (pursuant to Special Condition No. 9). USPO Fuatagavi also arranged for a psychological evaluation for Mr. Louis the day after his release to determine his current diagnosis, appropriate level of care, and recommended medication. Additionally, USPO Fuatagavi arranged for Mr. Louis to be assigned a mental health case manager who would assist Mr. Louis in securing long-term housing, obtaining any applicable disability/VA benefits, and to be connected with additional treatment providers.

**<u>On 05/17/2021, Mr. Louis failed to follow the instructions of the probation officer issued on 05/17/2021</u>:**

During the prerelease planning process discussed above, USPO Fuatagavi learned that the state filed a detainer on Mr. Louis for an Assault in the Third Degree offense from 2018 (see paragraph 44 of the Presentence Report). On 5/13/2021, Mr. Louis completed his federal term of imprisonment and was transferred to state custody, based on the aforementioned detainer. On 5/14/2021, he appeared for a hearing in the state case via Video Teleconference (VTC) from the Oahu Community Correctional Center (OCCC). Mr. Louis swore during the hearing and walked out. Further, he failed to participate in a continued hearing later that morning. Consequently, the hearing was continued until 5/17/2021.

Later on 5/14/2021, an OCCC case manager arranged for USPO Fuatagavi to speak with Mr. Louis by telephone. During the call, USPO Fuatagavi read Mr. Louis several instructions, including that he was to report directly to FH if/when he was released from state custody. After USPO Fuatagavi finished reading the instructions, Mr. Louis stated "Fuck you" and hung up the phone. USPO Fuatagavi later met with the case manager who agreed to provide the instructions and a map to FH to Mr. Louis.

On 5/17/2021, Mr. Louis appeared via VTC for his continued state Court hearing. For unspecified reasons, the state requested to dismiss the Assault in the Third Degree offense. The Court approved and ordered for Mr. Louis to be released from custody. USPO Fuatagavi spoke with the OCCC case manager who indicated that he attempted to provide Mr. Louis with a copy of USPO Fuatagavi's aforementioned instructions. However, Mr. Louis refused to sign the document acknowledging receipt of the instructions.

Later on 5/17/2021, USPO Fuatagavi met with Mr. Louis just outside of OCCC, after he was released from custody. During the contact, Mr. Louis was provided with a copy of his J&C that USPO Fuatagavi attempted to review with him. After reviewing the first page, Mr. Louis put the J&C in his accordion file. USPO Fuatagavi asked Mr. Louis

to bring his J&C back out; however, Mr. Louis indicated that USPO Fuatagavi did not need to review the J&C with him. Upon further questioning, Mr. Louis indicated that he was not going to allow USPO Fuatagavi to review the J&C with him and would not sign the J&C. Further, Mr. Louis indicated that he was going to go to Court to get a copy of the "judgment" that said he was innocent.

USPO Fuatagavi spoke with Mr. Louis about treatment and requested that Mr. Louis sign waivers to be used as part of his treatment referrals. Mr. Louis again refused to sign. USPO Fuatagavi instructed Mr. Louis to report directly to FH within 30 minutes of their meeting. It is noted that USPO Fuatagavi also asked Mr. Louis if USPO Fuatagavi needed to review the instruction sheet again with Mr. Louis, and Mr. Louis declined and indicated that he already had a copy. Lastly, since Mr. Louis clearly was refusing to participate in the supervision process, he was advised that such behavior, including his failure to report to FH, could result in Court action. At some point thereafter, Mr. Louis represented that if USPO Fuatagavi did not leave Mr. Louis alone, he would go to the Honolulu Police Department and file a Harassment charge against USPO Fuatagavi. Shortly thereafter, USPO Fuatagavi contacted this officer via a video phone call, and this officer was able to observe Mr. Louis sitting at a table with USPO Fuatagavi. However, Mr. Louis abruptly stood up and walked away. Thereafter, he walked off of the grounds of OCCC and away from FH. Consequently, Mr. Louis is currently in violation of his supervision conditions for failing to follow instructions to report directly to FH within 30 minutes of his meeting with USPO Fuatagavi. It is noted that the Probation Office does not have a contact number or release address for Mr. Louis.

Mr. Louis' failure to participate in the supervision process immediately upon his release, clearly reflects that he is not amenable to supervision at this time. Consequently, it is respectfully recommended that the Court issue a No Bail warrant for Mr. Louis' appearance before the Court to show cause why supervised release should not be revoked.

**Detention Assessment**

Pursuant to Criminal Procedure Rule 32.1(a)(6) and 18 U.S.C. § 3143(a), when it is alleged that a person has violated probation or supervised release, there is a presumption of detention, and the burden is on that person to establish by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released.

Mr. Louis has a lengthy history of serious mental heath issues and threats of violence. This history, coupled with his failure follow instructions immediately upon his release, clearly reflect that he presents a danger to the community and/or a risk of nonappearance.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 05/17/2021

4

```
```

PROB 12C
(Rev 04/17 D/HI)

Respectfully submitted by,

*[signature: John T. Hisashima]*

JOHN HISASHIMA
Supervising U.S. Probation Officer

5

**ORDER OF THE COURT**

THE COURT ORDERS:

- ☑ The issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked, as recommended by the U.S. Probation Officer. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

   or

- ☐ The issuance of a Summons and that the subject appear before the Court to show cause why supervision should not be revoked.

- ☐ No Action/Other

Considered and ordered this 17th day of May 2021, and ordered filed and made a part of the records in the above case.



/s/ Jill A. Otake
Jill A. Otake
United States District Judge